United States District Court
Southern District of Texas
**ENTERED**
April 24, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-22-163 |
| | § | |
| JONATHAN LOUIS LEPOW. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is defendant's *pro se* "Emergency Motion for Immediate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) Compassionate Release." (Docket Entry No. 89.) The Government filed a preliminary response in opposition, requesting an extension of time to file a full reply if needed by the Court. (Docket Entry No. 90.)

Having considered the motions, the record, and the applicable law, the Court DENIES AS MOOT the Government's motion for an extension of time and DENIES defendant's motion for a compassionate relief.

### *Procedural Background*

Defendant pleaded guilty to willful failure to truthfully account for and to pay over employment taxes, in violation of 26 U.S.C. § 7202. The Court sentenced him on December 2, 2024, to a six-month term of imprisonment followed by a six-month term of home confinement and a two-year term of supervised release.

On December 30, 2024, the Court ordered defendant to surrender to the Beaumont Satellite Camp on January 30, 2025. The Court subsequently granted defendant an extension

of time based on the same health concerns raised in his instant motion, and extended his surrender date to April 29, 2025.

Defendant filed the instant motion on April 23, 2025, seeking a compassionate release vacating his surrender date and ordering home confinement. He argues that his medical circumstances and purported conditions at the Beaumont Satellite Camp constitute extraordinary and compelling reasons for a compassionate release. In its preliminary response, the Government opposes a compassionate release.

### *Analysis*

*Premature Motion*

Prior to reaching the merits of defendant's motion, the Court must consider whether a non-incarcerated defendant may obtain a compassionate release before beginning service of his sentence. Although the issue is not settled and apparently has not been addressed at this time by the Supreme Court of the United States or the United States Court of Appeals for the Fifth Circuit, a growing number of persuasive case authority indicates that defendant cannot successfully pursue his pending motion.

Defendant remains at liberty pursuant to an extended pretrial bond, has not surrendered to the Beaumont Satellite Camp, and is not in custody of the Bureau of Prisons. Consequently, his motion for a compassionate release is premature. *See, e.g.*, *United States v. Fower*, 30 F.4th 823, 824 (9th Cir. 2022) ("We affirm and hold . . . that compassionate relief is not available to defendants prior to incarceration."); *United States v. Altschul*, C.A.

No. 1:03-CR-192024, WL 4653649, at *2 (E.D. Tex. Oct. 31, 2024) ("In this court's opinion, the plain language of § 3582(c)(1)(A) contemplates that an eligible defendant will be in custody" in moving for a compassionate release); *United States v. Hodges*, C.A. No. 2:23-cr-00048-JAW-1, 2025 WL 894936, at *7 (D. Me. Mar. 24, 2025) ("This Court finds highly persuasive the Ninth Circuit's statutory interpretation and declines to depart from the robust body of caselaw from other federal courts concluding a defendant must have begun a custodial sentence and must have exhausted administrative remedies before filing a motion for compassionate release with the court."); *United States v. Nascimento*, C.A. No. 5:21-02-KKC, 2021 WL 2002437, at *1 (E.D. Ky. May 19, 2021) ("By requiring that a defendant first approach the warden at his institution to seek compassionate release, the statute, by its plain text, contemplates that a defendant who seeks compassionate release already will be in the custody of the BOP."); *United States v. Konny*, 463 F. Supp. 3d 402, 404 (S.D.N.Y. 2020) (holding that based on the "plain terms" of statute, only defendants who have begun serving their term of imprisonment at a BOP facility are eligible for compassionate release); *United States v. Verasawmi*, C. A. No. 17-254, 2021 WL 2549303, at *3, (D.N.J. June 22, 2021) (A defendant "must begin serving her sentence before the Court may resolve her motion for compassionate release on the merits").

The Court is persuaded by these and other well-reasoned authorities that a compassionate release is not available to defendant in this instance, as he has not surrendered to the Beaumont Satellite Camp and has not commenced serving his sentence.

*Home Confinement*

Likewise, a court cannot convert a term of incarceration, once imposed, into a term of home confinement. Although 18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a defendant's term of imprisonment, it does not authorize a court to alter the location of a prisoner's confinement, a matter committed to the sole discretion of the Bureau of Prisons. *See Cheek v. Warden of Fed. Med. Ctr.*, 835 F. App'x 737, 741 (5th Cir. 2020).

*Medical Conditions*

Even so, defendant presents no meritorious grounds for a compassionate release. Under U.S.S.G. § 1B1.13(b)(1), a prisoner's medical circumstances can constitute extraordinary and compelling reasons for a compassionate release under the following: (a) terminal illness; (b) a serious physical medical condition, functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, that substantially diminishes the prisoner's ability to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover; (c) a medical condition that requires long-term or specialized medical care that is not being provided and without which the prisoner is at risk of serious deterioration in health or death; or (d) an outbreak of infectious disease that cannot be timely mitigated.

The medical records submitted by defendant with his motion show that he was examined and evaluated by a cardiologist on December 12, 2024, for complaints of shortness of breath, dizziness, and chest pain. (Docket Entry No. 79, Exhibits, p. 8.) It was noted that

he was experiencing stressors related to family, court, and tax issues. His EKG was normal, and he was started on antihypertensive medication and ordered to return in a month for follow-up. *Id.*, p. 9. At a follow-up visit on January 9, 2025, no new symptoms were reported and defendant's hypertension had improved. His antihypertensive medication was increased to full dosage. *Id.*, pp. 5–6. At a second follow-up visit on January 20, 2025, defendant's hypertension and symptoms were again monitored and evaluated, with no new concerns noted. He was to see a weight loss group and to return in two weeks for a medication review. *Id.*, pp. 2–3.

Defendant submitted no new medical records reflecting examinations or evaluations after January 20, 2025, and he demonstrates no extraordinary and compelling reasons for a compassionate release under U.S.S.G. § 1B1.13(b)(1). He further shows no extraordinary and compelling reasons for a compassionate release under U.S.S.G. § 1B1.13(b)(5), which provides for consideration of "other reasons similar in gravity" to those described in § 1B1.13(b)(2)–(4).

*Beaumont Satellite Camp*

Nor may the Court grant defendant a compassionate release predicated on his preconceived concerns as to purported conditions at his intended BOP facility, the Beaumont Satellite Camp. In support of his motion, defendant submits an article entitled, "Mounting Problems at Bureau of Prisons Facilities," dated March 10, 2025, online at https://www.forbes.com/sites/walterpavlo/2025/03/10/mounting-problems-at-bureau-of-p

risons-facilities/. The article, written by a self-styled "consultant on white-collar crime and former convicted felon," reports anecdotes regarding a 2022 fight at FCC Beaumont and letters from anonymous prisoners raising complaints regarding the quality and quantity of prisoner food, air conditioning issues in 2024, lockdowns, and general lack of leadership.

This article does not provide or constitute extraordinary and compelling reasons for granting defendant a compassionate release.

## *Conclusion*

For the above reasons, the Court ORDERS as follows:

1. Defendant's "Emergency Motion for Immediate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) Compassionate Release" (Docket Entry No. 89) is DENIED.

2. The Government's motion for an extension of time to file a response (Docket Entry No. 90) is DENIED AS MOOT.

3. The Court's January 30, 2025, order of surrender (Docket Entry No. 87) remains in full force and effect.

Signed at Houston, Texas, on April 24, 2025.

_____
Gray H. Miller
Senior United States District Judge